UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,          )
                                   )
            v.                     )          Criminal No. 22-10094-NMG
                                   )
CHRISTOPHER PONZO,                 )
            Defendant.             )

**PRELIMINARY ORDER OF FORFEITURE FOR SUBSTITUTE ASSETS
IN PARTIAL SATISFACTION OF ORDER OF FORFEITURE (MONEY JUDGMENT)**

**GORTON, S.D.J.**

WHEREAS, on February 13, 2025, this Court issued an Order of Forfeiture (Money

Judgment) against the Defendant in the amount of $13,200,000.00 in United States currency;

WHEREAS, the Court ordered that the United States was entitled to amend its Order of

Forfeiture (Money Judgment) at any time to include substitute property having a value not to exceed

that of the Money Judgment in order to satisfy the Order of Forfeiture (Money Judgment) in whole or

in part;;

WHEREAS, the United States has identified the following properties belonging to the

Defendant, which is subject to forfeiture as substitute assets, that can be applied toward partial

satisfaction of the $13,200,000.00 outstanding forfeiture money judgment, as follows:

    a) $22,500.00 in U.S. currency, seized on or about May 31, 2022 in Woburn, MA;
    b) a $372 Visa gift card with card number ending in 6285;
    c) a $50 Mastercard gift card with card number ending in 4092;
    d) a $50 Mastercard gift card with card number ending in 9043;
    e) a $250 Capital Grille gift card with card number ending in 1182; and
    f) a $250 Capital Grille gift card with card number ending in 6117,

(the "Properties");

WHEREAS, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), the

United States is entitled to forfeit any other property of the Defendant's up to the value of the Money

Judgment amount; and

WHEREAS, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), and Rule 32.2(e) of the Federal Rules of Criminal Procedure, the United States is entitled to a Preliminary Order of Forfeiture against the Properties.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED AND DECREED that:

1.      Pursuant 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), and Rule 32.2(e) of the Federal Rules of Criminal Procedure, the Court finds that the Properties are hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853(p).

2.      The Court shall retain jurisdiction for purposes of enforcing this Order and the forfeiture.

3.      Pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(n)(1), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Order of Forfeiture (Money Judgment), and notice of the United States' intent to dispose of the Properties.

4.      Pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(n)(1), and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Properties to be forfeited.

5.      Pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(n)(1), and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Properties shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty

2

(30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Properties; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Properties, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Properties, any additional facts supporting the petitioner's claim, and the relief sought.

6.      Pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(n)(1), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Properties.

7.      Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture for Substitute Assets in Partial Satisfaction of Order of Forfeiture (Money Judgment), pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

Dated: 05/13/2026

_____
NATHANIEL M. GORTON
Senior United States District Judge

3